COLLAZO *v.* JUSTICE OF THE PEACE.

APPEAL from the District Court of Guayama.

No. 412.—Decided June 24, 1909.

MANDAMUS—APPEALS FROM JUSTICES OF THE PEACE—CONSTRUCTION OF SECTION 556 OF THE PENAL CODE.—The act of March 12, 1903, which treats of appeals from judgments of Justices of the Peace, repeals, under section three thereof, all laws inconsistent therewith, wherefore section 556 of the Penal Code is repealed, the same being inconsistent with aforesaid act in the matter of appeals in cases of conviction for failure to close a store on Sunday.

ID.—ADMISSION OF APPEAL—MANDAMUS.—According to the Act of March 12, 1903, all judgments rendered by Justices of the Peace are appealable to the district court, and when, as in the present case, a Justice of the Peace refuses to admit an appeal, the proper district court shall issue a writ of *mandamus,* ordering the Justice of the Peace to transmit the appeal to the proper district court.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order of the District Court of Guayama refusing to issue a writ of *mandamus* to the Justice of the Peace of Guayama ordering him to admit an appeal from the sentence rendered by such justice against the appellant, now before this court.

A complaint was filed against said appellant for violating the closing of stores on Sunday. This law is set out in the Penal Code, section 556, which reads as follows:

"Any person, firm or corporation violating the provisions of this title, or any part thereof, or of an order issued by an *alcalde,* or ordinance passed by a municipal council under the authority of this title, shall be fined in the police court for the first offense in the sum which shall not be less than five dollars ($5) nor exceed ten dollars ($10) ; and for a subsequent offense, in a sum which shall not be less than ten dollars ($10) nor exceed twenty-five dollars ($25). And for this purpose the police courts shall have jurisdiction to impose the fines herein provided; and in all cases in which the fines imposed shall exceed, excluding costs, the sum of ten dollars ($10), an appeal may be taken to the proper district court in the manner provided by law for other appeals from the police courts. In default of the payment of any fine imposed hereunder within three days after the judgment shall have been entered or the appeal dismissed, the person convicted shall pay the said fine by imprisonment in the municipal jail, or in any other penal institution, at the rate of one day for each half dollar of said fine remaining unpaid."

The sentence rendered against him was for a fine of $5 or 10 days in jail. An appeal was denied him by the Justice of the Peace before whom the case was tried.

The question presented for discussion is whether section 556 of the Penal Code was amended by the Act of March 12, 1903, Session Laws, 1903, page 43. The *fiscal* urges that section 556 covers the whole subject matter of appeals with respect to Sunday closing and is a matter of substantive laws; but it evidently also included a matter of procedure such as

an appeal when the fine exceeded $10. The subject matter of appeals was covered by the Act of March 12, 1903. Therein section 48 of the Code of Criminal Procedure was amended and the same subject matter treated in section 29 as amended by such act. The words of that section are general and give a right to appeal from all judgments of Justices of the Peace. Section three of the same Act of March 12, 1903, page 46, repeals all laws or parts of law inconsistent with such law, and we see no reason from excepting from its operation the special law with regard to Sunday closing. Section 556 of the Penal Code is now inconsistent with the later law making a somewhat different system of appeals from justices of the peace.

The judgment must be reversed and the case sent back to the District Court of Guayama with instructions to issue a peremptory writ of *mandamus* ordering the Justice of the Peace of Guayama to transmit the appeal to the District Court of Guayama.

*Reversed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.